**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

E. JOYCE GLASGOW,

   Plaintiff - Appellant,

 v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

   Defendant - Appellee.

No. 08-35943

D.C. No. 2:08-cv-00410-CRD

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Carolyn R. Dimmick, Senior District Judge, Presiding

Submitted December 10, 2009[**]
Seattle, Washington

Before: GOULD and TALLMAN, Circuit Judges, and BENITEZ,[***] District
Judge.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***] The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

E. Joyce Glasgow ("Glasgow") appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of Glasgow's application for disability-insurance benefits under Titles II and XVI of the Social Security Act. At step two of the five-step sequential evaluation process, the administrative law judge ("ALJ") determined that Glasgow did not meet her burden of proving that she had a severe medical impairment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

We review the district court's order affirming the Commissioner's denial of benefits de novo. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The underlying decision of the ALJ, however, is entitled to far more deference. We will reverse the denial of benefits only if the decision "contains legal error or is not supported by substantial evidence." *Id.* Substantial evidence means more than a mere scintilla but less than a preponderance. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). It also means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Moreover, "if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

In light of the standard of review, we cannot hold that the ALJ erred in concluding that Glasgow's alleged impairments were not severe at step two. "An impairment . . . may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted). Although this step of the analysis is "a de minimis screening device to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), substantial evidence supports the ALJ's conclusion that Glasgow did not suffer from a severe medical impairment.

The ALJ provided specific and legitimate reasons for rejecting the contradicted opinions of Glasgow's acceptable medical sources, and substantial evidence supports those findings. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). The ALJ relied on the opinion of the impartial medical examiner, the only acceptable medical source that reviewed the entire record, who disagreed with Glasgow's acceptable medical sources. It is a general rule that a treating or examining doctor's opinion be given more weight than a nontreating, nonexamining doctor, *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), but here the medical examiner's impartiality and sole review of the entire record, as well as the inconsistent opinions among Glasgow's medical sources and

3

Glasgow's own conflicting testimony, are sufficient to overcome the general rule.

Substantial evidence supports the ALJ's finding that Glasgow's acceptable medical

sources relied on her subjective allegations, which the ALJ found not credible. *See*

*Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (holding that an ALJ may disregard a

doctor's opinion that is premised on the claimant's unreliable subjective

complaints). Finally, substantial evidence supports the ALJ's findings that

Glasgow's extensive daily activities were inconsistent with her claimed medical

allegations, and those reasons were specific, clear, and convincing. *See*

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (holding that an ALJ,

even when faced with medical evidence of an impairment, may reject a claimant's

testimony if the ALJ provides specific, clear, and convincing reasons for doing so).

Without an opinion from a credible, acceptable medical source supporting

Glasgow's claim,[1] and in the total circumstances of this case, it was not error for

the ALJ to conclude that Glasgow did not overcome the severe medical impairment

---

[1] Glasgow waived her argument that the ALJ improperly addressed the opinions of Dr. Toshima and therapists Braun and Turnispeed by not presenting those arguments to the district court, and we do not reach those waived issues. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

4

threshold at step two of the evaluation process.[2]  *See* SSR 06-03p, 2006 WL

2329939, at \*2 (Aug. 9, 2006).

**AFFIRMED.**

---

[2]     To the extent that the ALJ found some evidence of a medically determinable impairment, substantial evidence also supports the ALJ's germane reasons for rejecting the opinions of Glasgow's unacceptable medical sources.  *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).